# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BHINDER NAVEED ALI, | Civil No. 3:16-cv-1634 |
| Petitioner | (Judge Mariani) |
| v. | |
| CRAIG LOWE, *et al.*, | |
| Respondents | |

## **MEMORANDUM**

On August 8, 2016, Petitioner, Bhinder Naveed Ali, a native and citizen of Pakistan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking a release from custody. (Doc. 1, pp. 1, 5-7) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. (Doc. 1).

On February 28, 2017, Respondents filed a suggestion of mootness stating that Petitioner was removed from the United States on February 14, 2017. (Doc. 10). Respondents argue that the habeas petition is therefore moot. (*Id.* at pp. 1-2) (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments

occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")). In an effort to ascertain the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Petitioner is no longer in the custody of that agency.[1] For the reasons set forth below, the habeas petition will be dismissed as moot.

I. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the

---

[1] Upon entering Petitioner's alien registration number, 070777836, and his country of birth, Pakistan, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, his status was returned as follows:

> Name: NAVEED A BHINDER
> Country of Birth: Pakistan
> Status: Not In Custody

The individual's status is "not in custody," which means the person was released from ICE custody within the last 60 days for any of the following reasons:

> Removed from or voluntarily departed the United States,
> Released from custody pending the outcome of their case,
> Released into the United States due to the resolution of the immigration case (e.g., grant of an immigration benefit that permits the person to remain in the country), or
> Transferred into the custody of another law enforcement or custodial agency.

2

court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. A separate Order shall issue.

Date: February _____, 2017

Robert D. Mariani
United States District Judge